NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-3242
_____

KOUAME TANOH,
                                   Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA,
                                   Respondent
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A073-168-171)
Immigration Judge:  Honorable John Ellington
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 6, 2019

Before:  KRAUSE, SCIRICA and NYGAARD, Circuit Judges

(Opinion filed: August 5, 2019)
_____

OPINION*
_____

PER CURIAM

_____
* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Kouame Tanoh, proceeding pro se, petitions for review of an order of the Board of Immigration Appeals ("BIA") affirming a decision of an Immigration Judge ("IJ") denying his applications for relief from removal. We will deny the petition in part and dismiss it in part.

Tanoh is a native and citizen of the Ivory Coast. He was admitted to the United States in 1992 as a visitor. Tanoh was placed in removal proceedings in 1997 and charged with staying here longer than permitted. The proceedings were administratively closed when Tanoh did not appear for a hearing. In 2015, Tanoh was convicted of wire fraud and aggravated identity theft in federal court. The Department of Homeland Security filed additional removal charges in 2018 alleging that Tanoh was convicted of aggravated felonies. An IJ sustained the removal charges and Tanoh applied for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").

In support of his applications, Tanoh testified before the IJ that he was a member of a teacher's union and a leader of youth in the Ivorian Popular Front party in the early 1990's. Both groups were fighting for democracy. He stated that Alassane Ouattara became Prime Minister and that Laurent Gbagbo, the Ivorian Popular Front leader, and his supporters were tortured. Tanoh said that he was not physically harmed, but his salary was suspended many times. Tanoh left the Ivory Coast in 1992 because he believed there would be problems there.

Tanoh also testified that there were controversial elections in the Ivory Coast in 2010. Gbagbo was declared President, but an international coalition placed Ouattara in

2

power. He said that there was civil war and genocide in the area where Gbagbo was from, and that Gbagbo was charged with crimes against humanity that would be heard in the International Crimes Court. Tanoh believes the charges were made up. Tanoh stated that the government in the Ivory Coast will harm him as he has posted political messages and his picture with Gbagbo on Facebook. He said that he is well known in the Ivorian Coast community in the Washington D.C. area.

The IJ found Tanoh credible and noted that he had a religious conversion in prison but concluded that he did not meet his burden of proof for asylum or withholding of removal. The IJ ruled that Tanoh had not suffered past persecution and did not have a well-founded fear of future persecution on account of an enumerated ground. He stated that there was nothing specific in Tanoh's testimony to indicate that he would be targeted. The IJ found his belief that he may be targeted as a result of his Facebook posts and because he is well known in the Ivory Coast community here did not meet his burden. The IJ noted that the United States Department of State report on the Ivory Coast reflects that the opposition party won seats in the 2016 legislative election and that a majority re-elected Ouattara in 2015 in a fair election. The IJ also stated that he would deny asylum because Tanoh's crime is a "particularly serious crime" making him ineligible for relief. He noted that he would also deny asylum in his discretion.

The IJ also denied CAT relief and stated that he could not find that it was more likely than not that Tanoh would be tortured by the government or private persons with the government's acquiescence. The IJ noted there was no evidence of past torture or of

3

a public official wanting to harm him, or any solid evidence showing that anyone would want to harm him. On appeal, the BIA affirmed, without opinion, the result of the IJ's decision. This petition for review followed.[1]

We have jurisdiction to review final orders of removal pursuant to 8 U.S.C. § 1252(a). However, where an alien is removable for having committed an aggravated felony, as is the case here, our jurisdiction is limited to constitutional claims and questions of law. 8 U.S.C. § 1252(a)(2)(C),(D). In addition, we only have jurisdiction to review issues where an alien has exhausted his administrative remedies. 8 U.S.C. § 1252(d)(1); Lin v. Att'y Gen., 543 F.3d 114, 119-20 (3d Cir. 2008).

The Government contends that Tanoh has either failed to exhaust his administrative remedies or to present a colorable constitutional claim or question of law for our review. Tanoh asserts in his brief that the BIA sustained the IJ's decision "without a single comment, clearly indicating no one of that court read [his] case." Brief at 4. To the extent Tanoh suggests a due process violation, we have jurisdiction to consider such a claim, but this claim lacks merit. See Dia v. Ashcroft, 353 F.3d 228, 238-45 (3d Cir. 2003) (upholding regulations allowing the BIA to affirm an IJ's decision without an opinion).

Tanoh also contends that the IJ failed to apply the proper standard for asylum and

---

[1]The IJ also denied relief on Tanoh's claim that he feared removal based on the stigma associated with the fact that he is HIV positive. Tanoh did not pursue this claim on appeal to the BIA nor does he do so in his opening brief in this Court.

recognize that he is potential target on account of his political opinion and former role as a party youth leader. Regarding his CAT claim, he argues that the IJ applied the wrong legal standard and failed to fully consider the evidence and testimony, which support the conclusion that he would likely be tortured if removed to the Ivory Coast. Tanoh also asserts that the IJ erred in denying relief based on his conviction where he had found his testimony about his religious transformation credible.

Tanoh did not exhaust his administrative remedies as to these claims. In his brief to the BIA, Tanoh discussed his religious transformation in prison, the 2010 election in the Ivory Coast, and the conditions thereafter. In his notice of appeal, he disputed the accuracy of the United States State Department report and asserted that Gbagbo's detention was illegal. Tanoh did not contend in either filing that the IJ applied erroneous legal standards, failed to fully consider the evidence, or erred in denying relief based on his conviction. Tanoh also did not clearly challenge the IJ's findings that he did not show that he would be targeted or that anyone would want to harm him if he is removed. Although we do not apply the exhaustion requirement in a draconian fashion, a petitioner must at least place the BIA on notice of an issue being raised on appeal. Lin, 543 F.3d at 121. That was not done here.

In addition, even if we were to liberally construe Tanoh's discussion in his BIA filings of events in the Ivory Coast as asserting that the evidence supports his claim that he will be harmed if removed, such an argument relates to the IJ's factual findings. See Myrie v. Att'y Gen., 855 F.3d 509, 516 (3d Cir. 2017) (an IJ's determination for purposes

of CAT relief as to what is likely to happen to a petitioner if removed is a factual finding); Huang v. Att'y Gen., 620 F.3d 372, 383-84 (3d Cir. 2010) (same as to such a determination for purposes of asylum). As noted above, our jurisdiction is limited to the review of constitutional claims and questions of law.

Accordingly, we will deny the petition for review in part and dismiss it in part.[2]

---

[2]Tanoh's April 16, 2019 filing, construed as a motion to compel service of the Government's brief, is denied as moot.

6